IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| TITAN SYSTEMS, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 24-cv-01286-LKG ) |
| SRI INTERNATIONAL, | ) Dated: May 22, 2025 ) |
| Defendant. | ) ) ) |

**MEMORANDUM OPINION**

## I.  INTRODUCTION

In this trademark and copyright infringement action, the Plaintiff, Titan Systems, LLC ("Titan"), brings claims against the Defendant, SRI International ("SRI"), arising from the development of certain briefs to support a congressional campaign to obtain funding through the Department of Defense ("DOD"). ECF No. 11. SRI also asserts several defenses to these claims in its answer to the amended complaint. ECF No. 13 at 10-12.

Titan has moved to strike SRI's defenses, pursuant to Fed. R. Civ. P. 12(f). ECF Nos. 24 and 24-1. The motion is fully briefed. ECF Nos. 24, 24-1, 28 and 34. No hearing is necessary to resolve the motion. *See* L.R. 105.6 (D. Md. 2023). For the reasons that follow, the Court: (1) **GRANTS-in-PART** and **DENIES-in-PART** Titan's motion to strike (ECF No. 24) and (2) **STRIKES** SRI's defenses of failure to state a claim for relief (First Defense), failure to identify the damages caused by SRI (Second Defense), lack of originality (Fourth Defense), invalid trademark (Sixth Defense) and unclean hands (Seventh Defense) contained in SRI's answer to the amended complaint.

## II.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

### A. Factual Background

In this trademark and copyright infringement action, Titan brings claims against SRI arising from the parties' work on certain briefs developed to support a congressional campaign to obtain certain funding through the DOD.  ECF No. 11.  Plaintiff Titan is a Maryland corporation that provides custom design and integration support of military systems for the Federal Government through Government contracts and its principal place of business is located in Lexington Park, Maryland 20653.  *Id.* at ¶ 1.  Defendant SRI is a California nonprofit corporation that supports the Federal Government and certain industries.  *Id.* at ¶ 2.

As background, in November 2020, Titan's owner and employee, Greg Makrakis, began discussions with SRI through its representative, William Battaglia, and these parties reached an agreement for Titan and SRI to pursue a joint MADDIS™ congressional ADD campaign[2] to obtain funding through DOD and Navy programs.  *Id.* at ¶ 9.  Titan alleges that Titan and SRI agreed to a fair and equitable workshare if the campaign was successful, pursuant to this agreement.  *Id.*

Titan alleges that the parties' discussions involved a preliminary draft of the MADDIS brief, which was authored by Mr. Makrakis and e-mailed to Mr. Battaglia.  *Id.* at ¶ 10.  Titan further alleges that it holds a sole copyright in the drafts of the brief, because no copyrighted SRI material was included in the base brief and its subsequent revisions.  *Id.* at ¶ 13.  In addition, Titan alleges that the brief is a derivative work created by Mr. Makrakis while he was a Titan member and employee.  *Id.*

Titan alleges that it, subsequently, created a new brief and provided this second version of the brief to SRI on or about January 14, 2021.  *Id.* at ¶ 15.  Titan further alleges that a third brief was prepared with SRI's input and delivered to the Office of the Under Secretary of Defense for Research and Engineering—a potential customer of Titan.  *Id.* at ¶¶ 15-16.

---

[1] The facts recited in this Memorandum Opinion are taken from the amended complaint and SRI's answer to the amended complaint.  ECF Nos. 11 and 13.

[2] A congressional ADD is a request made by industry participants to Congress to add additional funding to a specific government program with the intent that the industry sponsor receive financial revenue from the resulting congressional increase, should it be approved.  ECF No. 11 at ¶ 9 n.2.

Titan contends that the parties agreed that the split of business obtained by their two companies should reflect equitable terms, so that Titan would receive its fair share as mutual consideration should the congressional ADD MADDIS™ marketing campaign be successful. *Id.* at ¶ 18. In this regard, Titan alleges that the marketing campaign was successful and produced $21 million in revenue over three consecutive years. *Id.* But Titan alleges that SRI violated the terms of the parties' business teaming agreement by briefing a Navy customer without allowing Titan to attend the briefing and by representing that the MADDIS™ congressional ADD campaign was SRI's own marketing campaign. *Id.* at ¶ 22.

Titan also contends that SRI, through Mr. Battaglia, incorrectly informed Titan that the MADDIS™ ADD campaign did not survive budget cuts, although the MADDIS™ ADD was in fact approved by Congress, and Congress allocated $3 million to the Navy customer's Program Element budget that Titan initially identified as a campaign objective. *Id.* at ¶ 24. Lastly, Titan also contends that a total of $21 million dollars in revenue has been obtained under the MADDIS™ campaign without SRI providing a fair share of payment or fair share of work to Titan. *Id.* And so, Titan alleges the following claims against SRI in the amended complaint: (1) likelihood of confusion – unfair competition, in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A) (Count I); (2) unjust compensation/failure to account for compensation received from a jointly owned copyright (Count II) and (3) breach of implied-in-fact contract (Count III).

SRI also asserts several defenses to Titan's claims in its answer to the amended complaint. ECF No. 13 at 10-12. Specifically, SRI asserts the following defenses in its answer:

1. Failure to State a Claim for Relief – Plaintiff has failed to properly allege a claim for breach of contract against SRI. Plaintiff does not allege the bare elements of a contract under Maryland law. This is legally insufficient as a matter of law and Count III should be dismissed.

2. Failure to Identify the Damages Caused by SRI – Plaintiff fails to allege what specific damages were caused by SRI, meaning those damages that were the proximate cause of any action or failure to act by SRI.

3. Misrepresentation to the Copyright Office – Plaintiff's copyright claims are barred as a result of Plaintiff's material misrepresentations to the United States Copyright Office regarding the true authors and creators of the briefing papers and the true owner of the copyright.

4. Lack of Originality – Plaintiff's copyright claims are barred because it did not independently create the material reflected in the briefing papers.

5. Work Created by the United States Government – Plaintiff's copyright claims are barred because any contribution by Titan to the briefing papers was made by Mr. Makrakis while he was an employee of the United States Government whose works are not protected by United States copyright law.

6. Invalid Trademark – Plaintiff's common law trademark claims are barred because the alleged mark is merely descriptive and is not entitled to trademark protection.

7. Unclean Hands – Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

ECF No. 13 at 10-12.

### B. Relevant Procedural Background

On November 5, 2024, Titan filed a motion to strike SRI's boilerplate defenses and memorandum in support thereof. ECF Nos. 24 and 24-1. On November 19, 2024, SRI filed an opposition to Titan's motion to strike. ECF No. 28. On November 26, 2024, Titan filed a reply in support of its motion. ECF No. 34.

Titan's motion to strike having been fully briefed, the Court resolves the pending motion.

## III. LEGAL STANDARDS

### A. Fed. R. Civ. P. 12(f) And Affirmative Defenses

Fed. R. Civ. P. 12(f) allows the Court to, on motion of a party, "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Such motions are "generally viewed with disfavor 'because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic.'" *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (quoting 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1380 (2d ed. 1990)). And so, "courts 'generally require the moving party to establish that the materials to be struck prejudice the moving party in some way.'" *Alston v. TransUnion*, No. 16-491, 2017 WL 464369, at *1 (D. Md. Feb. 1, 2017) (quoting *Asher & Simons, P.A. v. j2 Glob. Canada, Inc.*, 965 F. Supp. 2d 701, 705 (D. Md. 2013)).

"An affirmative defense is the defendant's assertion raising new facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all allegations in the complaint

4

are true." *Emergency One, Inc. v. Am. Fire Eagle Engine, Co.*, 332 F.3d 264, 271 (4th Cir. 2003) (internal quotations and citation omitted). Such defenses are contrasted with negative defenses, which are those that "den[y] or 'directly contradict[] elements of the plaintiff's claim for relief.'" *See Jones v. Aberdeen Proving Ground Fed. Credit Union*, No. 21-1915, 2022 WL 2703825, at *6 (D. Md. July 12, 2022) (quoting 5 Wright & Miller, *Federal Practice and Procedure* § 1270 (3d ed. 2022)).

Under the *Twombly-Iqbal* pleading standard, affirmative defenses must "be pleaded in a way that is intelligible, gives fair notice, and is plausibly suggested by the facts," to survive a motion to strike. *Freedom Servs., Inc. v. Freedom Servs., LLC*, No. 23-1624, 2024 WL 3089663, at *8 (D. Md. June 21, 2024) (quoting *Jones*, 2022 WL 2703825, at *5). This standard does not require the inclusion of all supporting evidentiary facts. *Jones*, 2022 WL 2703825, at *5. But, "[a]t a minimum, . . . some statement of the ultimate facts underlying the defense must be set forth, and both its non-conclusory factual content and the reasonable inferences from that content, must plausibly suggest a cognizable defense available to the [D]efendant." *Id.* (quoting *Palmer v. Oakland Farms, Inc.*, No. 10-29, 2010 WL 2605179, at *5 (W.D. Va. June 24, 2010)).

Courts in the United States Court of Appeals for the Fourth Circuit are split on the question of whether the *Twombly-Iqbal* pleading standard applies to affirmative defenses. *See id.* at *4; *see also Topline Solutions, Inc. v. Sandler Sys., Inc.*, No. 09-3102, 2010 WL 2998836, at *1 (D. Md. July 27, 2010) ("[I]t would be incongruous and unfair to require a plaintiff to operate under one standard and to permit the defendant to operate under a different, less stringent standard."). But this Court has applied the *Twombly-Iqbal*'s pleading standard to affirmative defenses on several occasions. *See, e.g.*, *Small Bus. Fin. Sols., LLC v. Cavalry, LLC*, No. 22-1383, 2023 WL 284449, at *9 (D. Md. Jan. 18, 2023) (Chasanow, J.); *Jones*, 2022 WL 2703825, at *5 (Hollander, J.); *Blind Indus. & Servs. of Md. v. Route 40 Paintball Park*, No. 11-3562, 2012 WL 2946688, at *3 (D. Md. July 17, 2012) (Gallagher, J.); *Bradshaw v. Hilco Receivables, LLC*, 725 F. Supp. 2d 532, 536-37 (D. Md. 2010) (Bennett, J.). *But see, e.g.*, *Brown v. Baltimore County*, No. 23-cv-106, 2025 WL 35934, at *2 (D. Md. Jan. 18, 2025) (Abelson, J.); *Baron v. Directv, LLC*, 233 F. Supp. 3d 441, 444 (D. Md. 2017) (Bredar, J.); *Lockheed Martin Corp. v. United States*, 973 F. Supp. 2d 591, 594 (D. Md. 2013) (Williams, J.); *Sprint Nextel Corp. v. Simple Cell, Inc.*, No. 13-617, 2013 WL 3776933, at *9 (D. Md. July 17, 2013) (Blake, J.). Courts that decline to apply the *Twombly-Iqbal* standard to affirmative defenses generally apply

a fair notice pleading standard. *Clem v. Corbeau*, 98 F. App'x 197, 203 (4th Cir. 2004) ("[A]n affirmative defense may be pleaded in general terms and will be held to be sufficient . . . as long as it gives plaintiff fair notice of the nature of the defense." (citation omitted)). And so, under this standard, "courts generally refrain from striking affirmative defenses absent a showing that not doing so would unfairly prejudice the movant." *Lockheed Martin Corp.*, 973 F. Supp. 2d at 592.

## IV.     ANALYSIS

Titan has moved to strike the defenses set forth in SRI's answer to the amended complaint, pursuant to Fed. R. Civ. P. 12(f), upon two grounds. First Titan argues that SRI's defenses of misrepresentation to the Copyright Office, work created by the United States Government and unclean hands, are affirmative defenses that lack sufficient supporting factual allegations to satisfy the *Twombly-Iqbal* pleading standard. ECF No. 24-1 at 6-8. Second, Titan argues that SRI's defenses of failure to state a claim for relief, failure to identify the damages caused by SRI, lack of originality and invalid trademark, are either negative defenses that do not satisfy the *Twombly-Iqbal* pleading standard, or redundant to the denials set forth in SRI's answer. *Id.* at 8-10. And so, Titan requests that the Court strike these seven defenses. *Id.* at 10.

SRI counters that the Court should not strike its defenses, because: (1) Titan has not shown that it is prejudiced by the pleading of these defenses and (2) the Court should apply a fair notice pleading standard, instead of the *Twombly-Iqbal* pleading standard, to these defenses. ECF No. 28 at 4-9. And so, SRI requests that the Court deny Titan's motion to strike. *Id.* at 10.

For the reasons set forth below, a careful reading of SRI's answer shows that the defenses of misrepresentation to the Copyright Office, work created by the United States Government and unclean hands are affirmative defenses and that SRI has not pled sufficient facts to support its unclean hands affirmative defense. A careful reading of SRI's answer also makes clear that its remaining defenses are negative defenses that are redundant to the denials set forth in SRI's answer and that Titan would be prejudiced by these negative defenses. And so, the Court: (1) GRANTS-in-PART and DENIES-in-PART Titan's motion to strike (ECF No. 24) and (2) STRIKES SRI's defenses of failure to state a claim for relief (First Defense), failure to identify the damages caused by SRI (Second Defense), lack of originality (Fourth Defense), invalid trademark (Sixth Defense) and unclean hands (Seventh Defense).

### A. SRI's Misrepresentation To The Copyright Office, Work Created By The United States Government And Unclean Hand Defenses Are Affirmative Defenses

As an initial matter, the Court agrees with Titan that SRI's defenses of misrepresentation to the Copyright Office, work created by the United States Government and unclean hands are affirmative defenses. *See* ECF No. 24-1 at 6. As the Fourth Circuit has held, "[a]n affirmative defense is the defendant's assertion raising new facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all allegations in the complaint are true." *Emergency One, Inc.*, 332 F.3d at 271 (internal quotations and citation omitted). In contrast, negative defenses are defenses that "den[y] or directly contradict[] elements of the plaintiff's claim for relief." *Jones*, 2022 WL 2703825, at *5.

In this case, the answer makes clear that SRI's defenses of misrepresentation to the Copyright Office, work created by the United States Government and unclean hands raise new facts and legal arguments that, if true, would bar certain claims in the amended complaint, even if the allegations in the amended complaint are accepted as true. *See* ECF No. 24-1 at 6; ECF No. 13 at 11-12; *see also Emergency One, Inc.*, 332 F.3d at 273. And so, the Court will analyze these three defenses as affirmative defenses for the purpose of resolving Titan's motion to strike.

Titan also persuasively argues that SRI's defenses of failure to state a claim for relief, failure to identify the damages caused by SRI, lack of originality and invalid trademark are negative defenses. Notably, a careful reading of SRI's answer and the amended complaint shows that these defenses do not raise new facts or legal arguments, but rather these defenses deny certain elements of Titan's claims. *See* ECF No. 13 at 11 (pleading that Titan has "failed to allege a claim for breach of contract" and that "Count III should be dismissed"); *id.* (pleading that Titan "fails to allege what specific damages were caused by SRI, meaning those damages that were the proximate cause of any action or failure to act by SRI"); *see also* ECF No. 11 at ¶ 30 ("Plaintiff has alleged and will prove at trial that (1) it has a valid and legally protectable mark; (2) it owns the mark; and (3) Defendant's use of the mark to identify its services causes a likelihood of confusion."); *id.* at ¶ 39 (alleging that Titan is a co-owner of a mark with SRI and is entitled to profits that SRI earned from licensing or use of the copyright). Given this, the Court construes these four defenses as negative defenses. *Cf. Alston*, 2017 WL 464369, at *3.

### B. SRI Has Not Sufficiently Pled Its Unclean Hands Affirmative Defense

While the Court is satisfied that SRI states plausible affirmative defenses of misrepresentation to the Copyright Office and work created by the United States Government in the answer, Titan persuasively argues that SRI has not sufficiently pled its unclean hands affirmative defense.[3] In this regard, the Court adopts the majority approach in the District of Maryland of applying the *Twombly-Iqbal* pleading standard to this affirmative defense. *See Freedom Servs., Inc.*, 2024 WL 3089663, at *7; *see also Topline Solutions, Inc.*, 2010 WL 2998836, at *1 ("[I]t would be incongruous and unfair to require a plaintiff to operate under one standard and to permit the defendant to operate under a different, less stringent standard."). Under this pleading standard, SRI's unclean hands affirmative defense must "be pleaded in a way that is intelligible, gives fair notice, and is plausibly suggested by the facts." *Freedom Servs., Inc.*, 2024 WL 3089663, at *8 (quoting *Jones*, 2022 WL 2703825, at *5). And so, at a minimum, SRI's affirmative defense must contain factual allegations to "plausibly suggest a cognizable defense" available to SRI. *Jones*, 2022 WL 2703825, at *5.

To support its unclean hands defense, SRI alleges only that Titan's "claims are barred in whole or in part by the doctrine of unclean hands." ECF No. 13 at 12. Notably, there are no factual allegations in the answer to identify which of Titan's claims SRI alleges are barred by the doctrine of unclean hands, nor are there any factual allegations to show why this affirmative defense is plausible. *See id.* Given these deficiencies, SRI has not stated its unclean hands defense "in a way that is intelligible, gives fair notice, and is plausibly suggested by the facts." *See Freedom Servs., Inc.*, 2024 WL 3089663, at *8 (citation omitted). And so, the Court will STRIKE SRI's unclean hands affirmative defense. Fed. R. Civ. P. 12(f).

### C. SRI's Negative Defenses Are Redundant

As a final matter, the Court will also STRIKE SRI's remaining negative defenses of failure to state a claim for relief, failure to identify the damages caused by SRI, lack of originality and invalid trademark, because these defenses are plainly redundant to the denials set

---

[3] A careful reading of the answer shows that SRI's affirmative defenses of misrepresentation to the Copyright Office and work created by the United States Government are sufficiently stated under the *Twombly-Iqbal* pleading standard, because these defenses clearly raise defenses to Titan's trademark and copyright infringement claims and assert "some statement of the ultimate facts underlying the defense." *See Jones v. Aberdeen Proving Ground Fed. Credit Union*, No. 21-1915, 2022 WL 2703825, at *5 (D. Md. July 12, 2022); ECF No. 13 at 11-12. And so, the Court will not strike these affirmative defenses.

forth in its answer.  Pursuant to Fed. R. Civ. P. 12(f), the Court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  Because motions to strike pleadings are generally disfavored, the Court usually requires that the party filing a motion to strike show that the materials to be struck prejudice that party.  *Waste Mgmt. Holdings, Inc.*, 252 F.3d at 347; *Alston*, 2017 WL 464369, at *1.

Here, a careful reading of SRI's answer shows that its negative defenses repeat and re-state the denials set forth in its answer.  *See* ECF No. 13 at ¶¶ 44-46 (denying that the allegations in the complaint state the elements for breach of contract); *see id.* at 8-10 (denying all allegations in Titan's prayers for relief related to damages attributable to SRI); *see id.* at ¶¶ 22, 28, 34 and 36 (denying allegations related to ownership of Titan's alleged copyrights); *see id.* at ¶¶ 28-34 (denying allegations related to the validity of Titan's alleged trademark).  Given this, SRI's negative defenses are redundant to its denials in the answer.

Titan has also shown that it would be prejudiced, by having to conduct extensive discovery to determine the factual bases for these negative defenses, if the defenses are not struck.  *See* ECF No. 34 at 2-6; *see also Alston*, 2017 WL 464369, at *1 ("[C]ourts 'generally require the moving party to establish that the materials to be struck prejudice the moving party in some way.'" (citation omitted)).  Given this, the Court will STRIKE SRI's failure to state a claim for relief, failure to identify the damages caused by SRI, lack of originality and invalid trademark defenses as redundant.  Fed. R. Civ. P. 12(f); *see also Freedom Servs., Inc.*, 2024 WL 3089663, at *8 (striking "lack of an enforceable trademark," "failure to state a claim" and "no damages" as negative defenses that "merely repeat[] the denials made in" the defendant's answer).

V.    **CONCLUSION**

For the foregoing reasons, the Court:

(1) **GRANTS-in-PART** and **DENIES-in-PART** Titan's motion to strike SRI's defenses (ECF No. 24);

(2) **STRIKES** SRI's defenses of failure to state a claim for relief (First Defense), failure to identify the damages caused by SRI (Second Defense), lack of originality (Fourth Defense), invalid trademark (Sixth Defense) and unclean hands (Seventh Defense); and

(3) **DIRECTS** SRI to **FILE** an amended answer consistent with this Memorandum Opinion and Order, **on or before June 5, 2025**.

**IT IS SO ORDERED.**

s/Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge
